## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT TEXAS

Victor Jesus Maravilla Hernandez,

      Plaintiff,

      v.

Coronado Transport LLC
d/b/a Llantera Coronado, Joel Coronado
and Roel Coronado,

      Defendants.

Case No.   25-CV-409

PLAINTIFF DEMANDS
TRIAL BY JURY

## <u>COMPLAINT</u>

Victor Jesus Maravilla Hernandez ("Plaintiff"), by attorney James M. Dore, with Justicia Laboral LLC, complains against Coronado Transport LLC d/b/a Llantera Coronado, Joel Coronado and Roel Coronado, collectively ("Defendants"), and in support of this Complaint, states:

## <u>JURISDICTION AND VENUE</u>

1.    This is an action for discrimination on the basis of sex (male), sexual orientation, sexual harassment, and hostile work environment, and it is brought under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. § 1981a, the Civil Rights Act of 1866 as codified by 42 U.S.C. § 1981, and related state law tort claims.

2.    This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the laws of the United States, specifically Title VII, 42 U.S.C. 2000e, and 42 U.S.C. 1981; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

3.      The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Southern District of Texas.

4.      This case involves claims for sex and sexual orientation discrimination, sexual harassment, and hostile work environment, and constructive discharge.

## PARTIES

5.      Plaintiff is a is a homosexual male, of Mexican descent and has a Latino racial designation, who currently resides in San Juan, Texas, and at all relevant times was an employee of Defendants.

6.      Defendant Coronado Transport LLC d/b/a Llantera Coronado is a Texas corporation that is dedicated to tire sales, installations, rotations, and repairs. and that operates a facility at 250 N. Veterans Blvd., San Juan Texas 78589. Defendant Sis-Bro, Inc. and is an "employer" under 42 U.S.C. § 2000e(b) because it engages in an industry affecting commerce and has more than fifteen (15) employees.

7.      Defendant Joel Coronado is a male, who upon information and belief, currently resides in San Juan, Texas.  Upon information and belief, Defendant Joel Coronado is the owner of Coronado Transport LLC dba Llantera Coronado.

8.      Defendant Roel Coronado is a male, who upon information and belief, currently resides in San Juan, Texas.  Upon information and belief, Defendant Roel Coronado is a supervisor and employed by Coronado Transport LLC dba Llantera Coronado.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      On May 4, 2023, Plaintiff filed a charge of discrimination against Defendant Coronado Transport LLC d/b/a Llantera Coronado with the EEOC, Charge No. 451-2023-02524, alleging discrimination based on sex (male) and sexual orientation, sexual harassment and hostile environment.

10.    On June 25, 2025, the EEOC issued a Letter of Determination where it found that there was sufficient evidence to establish a *prima facie* case of unlawful discrimination and issued a determination of probable cause against Defendant Coronado Transport LLC dba Llantera Coronado. Defendant declined to engage in conciliation efforts.

11.    Accordingly, on July 25, 2025, Plaintiff received a Notice of Right to Sue from the EEOC. *See* Exhibit A, attached hereto.  Plaintiff filed this Complaint within ninety (90) days of receipt of the aforementioned notices from the EEOC.  Plaintiff has fully complied with all prerequisites to jurisdiction to this Court under Title VII.

## FACTUAL ALLEGATIONS

12.    Plaintiff is a gay male who started working on or about 2013 for Defendant Coronado Transport dba Llantera Coronado until about 2015.  He was rehired in or about 2018 to do welding and maintenance work.

13.    Throughout his employment, Plaintiff performed his duties competently and met all legitimate performance expectations.

14.    Since Plaintiff was rehired in 2018, Defendant Coronado Transport LLC dba Llantera Coronado's employees constantly ridiculed Plaintiff, creating a hostile environment and discriminating against him for his gender and his sexual orientation. Defendants engaged in unlawful employment practices, in violation of Title VII as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. § 1981a, the Civil Rights Act of 1866 as codified by 42 U.S.C. § 1981, and related state law tort claims at its San Juan, Texas location.

15.    Defendant Coronado Transport LLC dba Llantera Coronado's employees, including Defendants Joel and Roel Coronado,  ridiculed and discriminated against Claimant for his sexual orientation.

16.    Defendant Joel Coronado, Plaintiff's supervisor Roel Coronado and several employees of Defendant Coronado Transport LLC dba Llantera Coronado harassed and called Plaintiff derogatory names because of his sexual orientation, when they frequently referred to him as "la muchacha," "perra", "Lady", "faggot," and "joto" (Mexican term for gay).  Specifically, Juan Gutierrez and "Rene" would constantly be calling derogatory names to Plaintiff even in front of customers.

17.    Whenever Plaintiff would ask to take a day "off", Defendant  Coronado Transport LLC dba Llantera's employees told him that he would take his vacation days to have "gay sex". Other homosexual co-workers have been harassed to the point they had to quit. Plaintiff kept working at Defendants out of necessity.

18.    Defendant Coronado Transport LLC dba Llantera Coronado was aware of the conduct described above because the conduct was mostly perpetrated by the owner of the organization.

19.    Defendant Coronado Transport LLC dba Llantera Coronado engaged in sex and sexual orientation discrimination by permitting Plaintiff's co-workers to subject him to severe or pervasive sexual harassment and to create and maintain a hostile work environment, because of Plaintiff's sex and sexual orientation.

20.    Plaintiff complained to management and/or Human Resources about the severe and pervasive harassment on multiple occasions, since Plaintiff constantly complained to Defendant Roel Coronado, his supervisor. However, Defendants failed to take prompt or effective remedial action.

21.    Plaintiff's hostile work environment and harassment continued uninterrupted until things made a turn for the worse. On October 22, 2022, Plaintiff was waiting on parts and other materials from O'Reilly, one of Defendant Coronado Transport LLC dba Llantera Coronado's suppliers. While Plaintiff was talking with O'Reilly's driver Julio, several of Plaintiff's co-workers started insulting him, yelling homophobic slurs towards Plaintiff.

22.    At that moment, Defendant Joel Coronado heard the noise and his response was to throw a metal ladder at Plaintiff and assaulted him with a metal spatula. Not only did he physically attack Plaintiff, but he also verbally abused him calling him a "fucking faggot", and "pinche joto".

23.    Right after he hit Plaintiff, Defendant Joel Coronado told him he was fired and demanded that Plaintiff leave the job site immediately, but he did not. Plaintiff called the police and upon their arrival, Defendant Roel Coronado accompanied Plaintiff to talk with the police. Plaintiff felt intimidated by Defendant Roel Coronado, who instructed Plaintiff not to report what had happened.  As a result of Defendant Roel Coronado's intimidation, Plaintiff decided not to file a complaint at the time. Plaintiff completed his shift and continued working for Defendants.

24.    The O'Reilly driver "Julio" was threatened not to corroborate the incident. Miguel Salazar, who also worked at Defendant Coronado transport LLC dba Llantera Coronado, was a witness of the incident.

25.    On October 31, 2022, Plaintiff filed a complaint at the police station, Case Number: 2210-0080, with Agent Yessenia Hernandez, from the Police Department of San Juan, Texas.

26.    Plaintiff continued working for Defendants until January 18, 2023, when Plaintiff was forced to quit Defendant Coronado Transport LLC dba Llantera Coronado, which separation constituted a constructive discharge or termination of his employment.

27.    The working conditions at Defendant Coronado Transport LLC dba Llantera Coronado had become completely hostile and intolerable; and Plaintiff was forced to quit because he was subjected to unwelcome harassment; his harassment was based on sex (male) and sexual orientation; the harassment was so severe and pervasive that it altered the conditions of his employment and created a hostile and abusive work environment; and there is a basis for employer liability.

28.    Defendant's conduct was intentional, willful, and taken with reckless disregard for Plaintiff's federally protected rights.

29.    Defendants maintained a hostile work environment, permitted sexual harassment to occur directed towards Plaintiff; discriminated against Plaintiff because of his sex and sexual orientation; failed to take any reasonable action to protect Plaintiff from injury and mistreatment; and permitted ongoing sexual harassment and batteries to occur.

30.    Defendants unlawfully discriminated against Plaintiff because of his sex and allowed a hostile work environment where he was sexually harassed.

31.    As Plaintiff's employer, Defendants did not do anything to prevent and/or stop the sexual harassment which Plaintiff was subjected to during his employment, despite Plaintiff's repeated complaints to management.

32.    As a result of Defendants' actions, Plaintiff felt humiliated, degraded, victimized, embarrassed and emotionally distressed, and nothing was ever done.

### Count I
### Title VII, 42 U.S.C. §2000 (e) *et seq.*
### Sexual Discrimination, Harassment and Hostile Work Environment

33.    Plaintiff realleges paragraphs 1 through 32 as though fully set forth herein.

34.    Plaintiff is a male and member of a protected class.

35.    Title VII of the Civil Rights Act of 1991, 42 U.S.C. §2000(e), et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex which includes discrimination based on sexual orientation, pursuant to *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020)..

36.    Physical or verbal unwelcome sexual conduct by an individual of a quid pro quo nature or that has the purpose or effect of creating an intimidating, hostile, or offensive work environment, is actionable under Title VII of the Civil Rights Act of 1991.

37.    Defendants failed to take proper preventive, corrective, or remedial action to protect Plaintiff from sexual discrimination and harassment or to remedy the discrimination and harassment he suffered

38.    By its conduct as alleged herein, Defendants subjected Plaintiff to sexual discrimination and harassment in violation of Title VII of the Civil Rights Act of 1991.

39.    Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sexual discrimination and harassment.

40.    As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered injuries, including but not limited to: extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, lost back wages, lost front wages, and damage to his career, which injuries he continues to suffer.

    **WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count I and that it:

        a)    Declare that Defendants' conduct was in violation of Title VII of the Civil Rights Act as amended;

b)      Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendants' unlawful conduct;

c)      Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendants' unlawful conduct;

d)      Award Plaintiff damages for emotional distress and compensatory damages;

e)      Award Plaintiff punitive damages;

f)      Award Plaintiff reasonable attorney's fees, costs, and disbursements;

g)      Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;

h)      Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

i)      Award Plaintiff any and all other relief as the Court deems just in the premises.

## Count II
## Sexual Harassment and Constructive Discharge
## in violation of Title VII of the Civil Rights Act of 1964 , 42 U.S.C. § 2000e et seq.

41.    Plaintiff adopts and incorporates by reference Paragraphs 1 through 40 as if set forth in full herein for Paragraph 41.

42.    Plaintiff was subjected to sexual harassment and sex discrimination by Defendants and its agents which created a hostile work environment because of Plaintiff's sex.

43.    Plaintiff found the harassment to which she was subjected, as a result of Defendants' behavior, extremely offensive.

44.     The offensive conduct created an objectively hostile and intimidating work environment for Plaintiff.

45.     As a result of the foregoing actions, in January 18, 2023, Plaintiff was forced to leave his job because his working conditions became so intolerable that any reasonable person in his situation would have been compelled to resign.

46.     Defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights under Title VII of the Civil Rights Act as amended.

47.     As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, loss of a job, damage to Plaintiff's reputation and professional development, and other compensable losses and damage.

WHEREFORE, Plaintiff requests that the Court enter an order granting the following relief against Defendants:

A.      A declaratory judgment that the Defendants have violated Title VII;

B.      Award compensatory damages in an amount to be determined at trial;

C.      Award pre-judgment and post-judgment interest on the above damages;

D.      Award Plaintiff attorney's fees, costs and litigation expenses; and

E.      Award Plaintiff such other and further relief as this Court deems just and proper.

**Count III**
**Sexual Discrimination and Harassment in Violation**
**Of Section 21.051 of the Texas Commission of Human Rights ("TCHRA")**

48.     Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

49.     The Texas Commission of Human Rights Act ("TCHRA") makes it unlawful for an employer, an employee, or any agent of an employer to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

50.     Physical or verbal unwelcome sexual conduct by an individual of a quid pro quo nature or that has the purpose or effect of creating an intimidating, hostile, or offensive work environment, is actionable under the TCHRA.

51.     By their conduct as alleged herein, Defendants subjected Plaintiff to sexual discrimination and harassment in the workplace and a sexually hostile and offensive work environment.

52.     Defendants failed to take proper preventative, corrective, or remedial action to protect Plaintiff from sexual discrimination and harassment or to remedy the discrimination and harassment he suffered.

53.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sexual discrimination and harassment.

54.     As a direct and proximate result of Defendant's actions and omissions, Plaintiff suffered injuries, including but not limited to: physical injuries including bruising, extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and damage to his career, which injuries he continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count II and that it:

a)      Declare that Defendants' conduct was in violation of the TCHRA;

b)      Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendants' unlawful conduct;

c)      Award Plaintiff the value of compensation and benefits he will lose in the future as a result of Defendants' unlawful conduct;

d)      Award Plaintiff damages for emotional distress and compensatory damages;

e)      Award Plaintiff reasonable attorney's fees, costs, and disbursements;

f)      Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g)      Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h)      Award Plaintiff any and all other relief as the Court deems just in the premises.

/s/**James M. Dore**
*Counsel for Plaintiff*
James M. Dore
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-415-4898
jdore@justicialaboral.com

**PLAINTIFF DEMANDS TRIAL BY JURY**

EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

*Via EEOC Digital Portal*

July 25, 2025

Victor Jesus Maravilla Hernandez                    Charging Party
206 Camino Real Street
San Juan, TX 78589

Coronado Transport LLC d/b/a Llantera Coronado      Respondent
Attn: Roel Coronado
250 N. Veterans Boulevard
San Juan, TX 7858923

Re: EEOC Charge Number: 451-202-02524
    Victor Jesus Maravilla Hernandez vs Coronado Transport LLC d/b/a Llantera Coronado

The Commission has determined that efforts to conciliate this charge as required Title VII of the
Civil Rights Act of 1964 (Title VII) have been unsuccessful. This letter is the notice required by
§1601.25 of the Commission's Regulations, which provides that the Commission shall notify a
Respondent in writing when it determines that further conciliation efforts would be futile or non-
productive. No further efforts to conciliate this case will be made.

The Commission has determined that it will not bring a lawsuit against the above-named
Respondent. The issuance of the enclosed Notice of Right to Sue concludes the processing of this
charge by the Commission.

Sincerely,

*for*          Norma J. Guzman
               Field Director

Cc:
James M. Dore
Justicia Laboral
6232 N. Pulaski Road, Ste. 300
Chicago, IL 60646

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/25/2025

**To:** Victor Jesus Maravilla Hernandez
206 Camino Real St.
San Juan, TX 78589

Charge No: 451-2023-02524

EEOC Representative and email:    Maribel Rosales-Fauci
Equal Opportunity Investigator
maribel.rosales.fauci@eeoc.gov

---

### NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 451-2023-02524

On behalf of the Commission,

_for_

Norma J. Guzman
Field Director

**Cc:**


Victor Jesus Maravilla Hernandez
c/o James M. Dore
Justicia Laboral LLC
6232 N. Pulaski Rd., Suite 300
Chicago, IL 60646


Coronado Transport LLC d/b/a Llantera Coronado
Attn: Roel Coronado
250 N Veterans Boulevard
San Juan, TX 78589


Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 451-2023-02524 to the Field Director at Norma J. Guzman, 5410 Fredericksburg Road, Ste. 200, San Antonio TX 78229.

**<u>To make a Section 83 request for your charge file</u>**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 451-2023-02524 to the Field Director at Norma J. Guzman, 5410 Fredericksburg Road, Ste. 200, San Antonio TX 78229.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.